**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4487**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TAMARA WILLIAMS-KELLY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00036-FDW-DSC-1)

Submitted: January 31, 2017      Decided: February 7, 2017

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Parke Davis, Acting Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tamara Williams-Kelly pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2012); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2012); conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 963 (2012); and importation of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a) (2012). The district court sentenced Williams-Kelly to 30 months of imprisonment and she now appeals. For the reasons that follow, we affirm.

Williams-Kelly first challenges the district court's denial of her request for a mitigating role reduction in her offense level. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks omitted).

"Section 3B1.2 of the Sentencing Guidelines provides for various reductions to a defendant's offense level if the defendant played a part in committing the offense that makes

2

[her] substantially less culpable than the average participant" in the criminal activity.  <u>United States v. Powell</u>, 680 F.3d 350, 358 (4th Cir. 2012) (internal quotation marks omitted).  A defendant may receive a four-level reduction in offense level if she was a minimal participant in the criminal activity, a two-level reduction if she was a minor participant, and a three-level reduction if her participation fell between minimal and minor.  <u>U.S. Sentencing Guidelines Manual</u> § 3B1.2 (2016).  A minimal participant is one who plays a minimal role and is plainly among the least culpable of those involved in the offense.  USSG § 3B1.2 cmt. n.4.  A minor participant is less culpable than other participants in the criminal activity, while not among the least culpable.  USSG § 3B1.2 cmt. n.5.

The Guidelines commentary specifies that the inquiry should be fact-specific and based on the totality of the circumstances. USSG § 3B1.2 cmt. n.3(C).  The commentary also provides a non-exhaustive list of factors to consider in determining whether to apply a mitigating role reduction, including:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal

3

activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]

(v) the degree to which the defendant stood to benefit from the criminal activity.

Id. A defendant who did not have a proprietary interest in the criminal activity but is simply paid to perform certain tasks should be considered for a reduction, and "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." Id.

The defendant bears the burden of demonstrating by a preponderance of the evidence that she is entitled to a mitigating role adjustment. Powell, 680 F.3d at 358-59. We have reviewed the record and the relevant legal authorities and conclude that the district court did not err in denying Williams-Kelly's request for a mitigating role reduction.

Williams-Kelly also seeks on appeal to challenge the district court's denial of a downward departure for aberrant behavior under USSG § 5K2.20. "We are unable, however, to review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Here, it is clear that the district court did not misapprehend its authority to grant such a departure.

4

Therefore, Williams-Kelly "cannot contest on appeal the court's failure to depart downward."  Id. at 306.

Accordingly, we affirm the judgment of the district court. We grant Williams-Kelly's motion to expedite the decision to the extent that the appeal has been decided as expeditiously as possible given this court's caseload.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED